18848

The STATE, Respondent, v. Randall Macon PRATHER and Macon
W. Prather, Appellants

(164 S. E. (2d) 756)

*Marshall W. Abercrombie, Esq.,* of Laurens, *for Appellants,*

*William T. Jones, Esq., Solicitor,* of Greenwood, *for Respondent,*

December 10, 1968.

BRAILSFORD, Justice.

Macon W. Prather and his eighteen-year-old son, Randall M. Prather, were convicted of murder at the September Term of the Court of General Sessions for Laurens County and, upon the jury's recommendation to mercy, were sentenced to life imprisonment. They were represented at their trial, and on this appeal, by retained counsel, Marshall W. Abercrombie, Esquire, of the Laurens Bar, who states the question involved to be:

"Was it error to refuse the motion made by counsel for severance and separate trials when the problem of conflict of interests was made clear to the trial judge when the motion was made, and the refusal of such a motion caused the same attorney to represent codefendants in a capital case?"

The record indicates that a true bill was returned against the defendants on September 26, 1966, the first day of the term. Thereupon, counsel made the following motion:

"I move that the indictment be quashed at this time and the Defendants be indicted separately; that there may be defenses in the trial of one Defendant that would not be— that would prejudice the rights of the other Defendant and since the indictment contains no conspiracy charge, Your Honor, I think it only proper that they be indicted separately."

The solicitor opposed the motion upon the ground that no good reason for quashing the indictment had been advanced, and that the State had the right to try the defendants together.

Counsel rejoined that the joint indictment had taken him by surprise, as the defendants had been arrested on separate warrants, and stated that he would like "time maybe to study it and look over the law tonight."

The court made the following ruling:

"I will overrule your motion, Mr. Abercrombie, and I will give you leave, however, if you wish to reopen the matter and represent it in the morning to argue further on the matter, I will certainly hear from you."

Thereupon, counsel announced that the defendants were ready to proceed with the arraignment, subject to his "objections," and the arraignment was then accomplished. Counsel failed to urge his motion further and did not call it to the court's attention in any way when the case was called for trial on Thursday, September 29.

The appeal is manifestly without merit. Disregarding the imperfections in counsel's motion and his failure to press for a final ruling, and treating the motion as one for a severance and separate trials, at best, the matter rested in the discretion of the trial court. *State v. Britt,* 235 S. C. 395, 407, 111 S. E. (2d) 669, 675, and the decisions therein cited and reviewed. No showing in support of counsel's statement, "that there may be defenses in the trial of one Defendant * * * that would prejudice the rights of the other Defendant," was made or attempted before trial. The transcript of the trial reveals that there was no such prejudice. Both defendants shot at the victim as, according to their testimony, he advanced shooting at them with a pistol. Their common defense was that they shot in self-defense and in defense of each other. The testimony of each in support of this defense was entirely consistent with that of the other.

We find no substance in the claim that, under the facts of this case, one attorney could not provide adequate assistance of counsel to both defendants. Of course, a different question would be presented if the testimony of the father and son had in fact been incompatible.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.